**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40150
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISMAEL GARCIA-NAVA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-749-1
---------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written agreement, Ismael Garcia-Nava pleaded guilty to two counts of a three-count indictment, admitting that he (1) transported an undocumented alien within the United States by means of a motor vehicle for private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(II), (a)(1)(B)(i); and (2) was unlawfully present in the United States after deportation in violation of 8 U.S.C. § 1326(a), (b). He appeals his conviction and sentence of 37 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia-Nava argues for the first time on appeal that the district court erred in imposing a sentence under a mandatory guidelines regime, in violation of United States v. Booker, 125 S. Ct. 738, 756-57 (2005).  He also argues that the "felony" and "aggravated felony" provisions of § 1326(b) are unconstitutional.  We need not decide the applicability of the waiver in this case because the issues that Garcia-Nava raises lack arguable merit or are foreclosed.

We review Garcia-Nava's Booker-based challenge for plain error.  See United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005).  Garcia-Nava concedes he cannot establish a reasonable probability that the district court likely would have sentenced him differently under an advisory guidelines regime.  Therefore, he cannot establish plain error.  See Valenzuela-Quevedo, 407 F. 3d at 733; United States v. Mares, 402 F.3d 511, 520-21 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

He argues, for the purpose of preserving further review, that the error is structural, or at least presumptively prejudicial, such that he is not required to establish that his substantial rights were affected under the third prong of the plain-error test.  As he correctly concedes, this court has rejected these arguments.  United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005).

Garcia-Nava's constitutional challenge to § 1326(b) is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998).  Although Garcia-Nava contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Garcia-Nava properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Accordingly, the conviction and sentence are AFFIRMED.